# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a Christiana Trust, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS OGUMBO, et al., <br><br> Defendants. | 1:17-cv-3552-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Douglas Ogumbo and Marlene I. Spence's (together, "Defendants") "Answer to the Order and Final Report" [5], which the Court construes as their Objections to Magistrate Judge Janet F. King's Final Report and Recommendation [2] ("R&R"). The Magistrate Judge recommends that this action be remanded to the Magistrate Court of Newton County, Georgia.

I.  **BACKGROUND**

On August 28, 2017, Plaintiff Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, initiated a dispossessory proceeding against

Defendants in the Magistrate Court of Newton County, Georgia.[1]  The Complaint alleges that Defendants are tenants at sufferance following foreclosure, and seeks possession of the premises currently occupied by Defendants.

On September 14, 2017, Defendants, proceeding *pro se*, removed the Newton County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendants assert that there is federal subject matter jurisdiction because there is a question of federal law in this action.  Defendants claim that Plaintiff violated the Fair Debt Collection Practices Act and the Uniform Commercial Code.  (Notice of Removal at 2-4).  Defendants also appear to argue that the Court has subject matter jurisdiction based on diversity of citizenship.  (Id. at 4).

On September 19, 2017, Magistrate Judge King granted Defendants' application to proceed IFP and considered, *sua sponte*, whether the Court has subject matter jurisdiction over this case. (R&R [2]).  The Magistrate Judge found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Newton County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law

---

[1] No. 1708582.

defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. The Magistrate Judge also found that Defendants failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On October 3, 2017, Defendants filed their Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. <u>Analysis</u>

In their Objections, Defendants assert that Plaintiff violated 18 U.S.C. §§ 241, 242, the Fair Debt Collection Practices Act, and various Georgia laws by foreclosing on their home and initiating the dispossessory proceeding. (<u>See</u> Objs. at 7-9). Plaintiff's Complaint is a dispossessory action which is based solely on state law. <u>See</u> O.C.G.A. § 44-7-50; <u>Carter v. Butts Cty</u>., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting <u>Steed v. Fed. Nat'l Mortg. Corp.</u>, 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"). No federal question is presented on the face of Plaintiff's Complaint. That Defendants assert defenses or counterclaims based on federal law cannot confer subject-matter jurisdiction over this action. <u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003); <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830-32 (2002); <u>Caterpiller Inc. v. Williams</u>, 482 U.S. 386, 392-93 (1987) ("The presence of a federal defense does not make the case removable . . . ."). Defendants fail to show that the Court has federal question jurisdiction over this action and their objection is overruled.

4

The record does not show that Plaintiff and Defendants are citizens of different states, and even if they are, there is no evidence to support that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). To the extent Defendants "assert[] a counterclaim against Plaintiff for wrongful dispossessory action, and damages in the amount of $427,000.00" (Obj. at 4), a "counterclaim may not be used to calculate the jurisdictional amount in controversy when a defendant removes a case from a state court." First Guaranty Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147, 1150 (M.D. Fla. 2000); Citimortgage, Inc. v. Dhinoja, 705 F.2d 1378, 1382 (N.D. Ga. 2010); cf. Anderson, 539 U.S. at 6. Defendants fail to show that the Court has diversity jurisdiction over this action and their objection is overruled.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of Newton County. See

28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Douglas Ogumbo and Marlene I. Spence's "Answer to the Order and Final Report" [5], construed as their Objections to the R&R, is **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Newton County, Georgia.

**SO ORDERED** this 9th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE